747 S.E.2d 492

### In the Matter of Allan Riley HOLMES, Jr., Respondent.

Appellate Case No. 2013-001481.

No. 27301.

Supreme Court of South Carolina.

Submitted July 30, 2013.

Decided Aug. 14, 2013.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Allan R. Holmes, of Gibbs & Holmes, of Charleston, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension of nine months to three years, with conditions. Respondent requests that the suspension be imposed retroactively to January 25, 2012, the date he was placed on interim suspension.[1]

---

1. *In re Holmes*, 396 S.C. 597, 723 S.E.2d 809 (2012)(respondent placed on interim suspension after being arrested and charged with possession with intent to distribute heroin).

We accept the Agreement and suspend respondent from the practice of law in this state for nine months, subject to certain conditions. The facts, as set forth in the Agreement, are as follows.

## Facts

Respondent was arrested on December 27, 2011, and was charged with possession with intent to distribute heroin. Although the criminal charge was conditionally dismissed, respondent admits he was in possession of 1.4 grams of heroin and was an active user of illegal drugs at the time of his arrest.[2]

By way of affidavit, respondent states he recognizes he has suffered from addiction for a long time and that complete abstinence from alcohol and illegal drugs is the key to his success. Respondent has undergone detoxification and completed residential treatment programs as well as an intensive outpatient treatment program. The medical director of one of these programs has submitted an affidavit lending his support to respondent and respondent's return to the practice of law. Respondent states he regularly attends and actively participates in Alcoholics Anonymous (AA), and his AA sponsor, by way of affidavit, has also stated he supports respondent and respondent's return to the practice of law. In addition, respondent states he abstains from alcohol and drug use and has submitted to frequent drug tests over the last year and a half, the results of which have all been negative.

Respondent states he recognizes the seriousness of his offense and the gravity of his current situation and realizes, in hindsight, that this experience, though difficult, has been positive, as it has allowed him to address his addiction and to assist others who are suffering from addictive illnesses. However, respondent emphasizes his addictive illness is no excuse for his misconduct, for which he accepts full responsibility. Respondent also accepts responsibility for the fact that his misconduct has harmed the public perception of the legal

2. In his affidavit, respondent states he was actively addicted to opiate painkillers, primarily oxycodone, and had begun using heroin during the month prior to his arrest when he could not obtain oxycodone. Appellant explains he has a long history of addictive illness, and this was a culmination of years of alcohol and drug use.

profession. Respondent has submitted the affidavits of a number of established members of the South Carolina Bar who state they support respondent and his return to the legal profession.

## *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b)(it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects) and Rule 8.4(c)(it is professional misconduct for a lawyer to commit a criminal act involving moral turpitude). Respondent also admits he has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1)(it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5)(it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## *Conclusion*

We hereby accept the Agreement for Discipline by Consent and suspend respondent from the practice of law in this state for nine months, retroactive to January 25, 2012, the date of his interim suspension. In addition, respondent shall 1) enter into and fully comply with a contract with Lawyers Helping Lawyers (LHL), beginning with the date of this opinion, and upon reinstatement, renew the contract for three years; 2) fully comply with appropriate treatment for his addiction for three years from the date of reinstatement; 3) for three years from the date of reinstatement, submit three reports to the Commission on Lawyer Conduct (CLC) each quarter, including an affidavit of compliance with the terms of his LHL contract and with the recommendations of his treatment provider, a statement from his LHL monitor regarding respondent's compliance with the LHL contract, and a report of respondent's diagnosis, treatment compliance, and prognosis

from respondent's treatment provider; 4) after the three year period, have his progress and compliance reviewed by an investigative panel of the CLC to determine whether the LHL contract and reporting requirements should be renewed, and if so, for how long; and 5) upon reinstatement, limit his practice to working for a law firm or other organization for at least one year and if at the conclusion of that year he desires to become a solo practitioner, he will be permitted to do so only upon the approval of an investigative panel of the CLC. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.